## ROSENBLATT et v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14924. Decided Sept 30, 1935

Krueger, Gorman & Davis, Cleveland, for plaintiffs in error.

Ezra Z. Shapiro, Director of Law, Cleveland, Michael A. Picciano, Asst. Director of Law, Cleveland, and Stephen Gobozy, Assistant Prosecutor, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

The finding of the trial court that the defendants below had no intent to defraud and that in placing their advertisement acted in good faith, is fully sustained by the record.

The conclusion of law reached by the trial judge that guilty knowledge or scienter is not a necessary element in the definition of the crime of false advertising is, in our opinion, erroneous.

It will be noticed that §13194 GC begins with the statement: "Whoever, with intent to sell * * * causes * * * to be published * * * an advertisement * * * which advertisement contains * * * a statement of fact which is untrue, or deceptive."

As we construe the section it means that whoever intends by means of a false advertisement to sell or in any wise dispose of, and so forth. The affidavit in this case charges that they "unlawfully, knowingly and with intent to sell and dispose of certain service."

A study of similar statutes in other states proves illuminating. The Massachusetts statute General Code Ch. 266 §91 is, in substance, the same as the Ohio statute except that it concludes with the language "which advertisement contains any assertion, representation or statement of fact which is untrue, deceptive or misleading, and which such person knew, or might by reasonable investigation have ascertained to be untrue, deceptive, or misleading."

A similar statute in Texas follows the Massachusetts statute and includes the phrase: "One who knew or could have known by use of reasonable diligence or inquiry."

In Pincus v State, 70 SW (2d) (Texas) page 417, the court held:

"That part of the statute as undertakes to penalize one who could have known by use of reasonable diligence or inquiry is of doubtful validity. It undertakes to make a criminal of one who might be guilty only of negligence, and in the absence of any wilful wrong in connection with an act which harms no one."

We are of the opinion that the judgment of the Municipal Court was erroneous; that under the facts proven and the findings of the court plaintiffs in error are not guilty of any violation of law.

The judgment of the Municipal Court is ordered reversed and plaintiffs in error ordered discharged.

TERRELL, J, concurs in the judgment.
LIEGHLEY, PJ, dissents.